

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Frank X. Vance
County Attorney
Medina County
Hondo, Texas

Dear Sir:

Opinion No. O-7394
Re: Procedure to follow in plac-
ing name of candidate on the
General Election ballot under
stated facts.

Your letter of recent date, requesting the opinion of this depart-
ment on the questions stated therein, is in part as follows:

"All of our county officers run on the Independent Ticket on the general
election. The County Commissioner of Precinct No. Two was un-opposed as
a candidate on the independent ticket for the general election and was
killed by accident on August 28th, last, and there is no one's name,
other than the deceased commissioner, that will appear on the general el-
ection ballot.

"Will it be necessary that the deceased commissioner's name now appear on
the general election ballot? And can another name or other names be print-
ed on this ballot as candidates for the office, since the last day of filing
(August 24th) has passed? Or will it be necessary that a 'write-in' pro-
cedure be followed at the general election in order to elect a candidate
for the office?"

Your letter implies to us that the deceased commissioner had
qualified as an independent or non-partisan candidate for the office of
county commissioner of precinct No. 2 under the provisions of Articles
3159, 3160 and 3162, Vernon's Annotated Civil Statutes of Texas, and was
not the nominee of any political party.

It is out opinion that the deceased commissioner's name as an in-
dependent or non-partisan candidate for the office of county commissioner
of precinct No. 2 should be printed on the official ballot for the general
election. This, we think, is required by Article 3019, V.A.C.S. of Texas
which provides:

"If a nominee dies or declines a nomination before the election, and no one
is nominated to take his place, the votes cast for him shall be counted and
return made thereof; and, if he shall have received a plurality of the votes
cast for the office, the vacancy shall be filled as in case of a vacancy oc-
curring after the election."

It is our opinion that an independent candidate is a nominee within the meaning of the foregoing statute. He is the nominee of at lest 5% of the voters of the county who duly signed his application to the County Judge as an independent candidate. An independent candidate who obtains the requisite number of qualified signatures on his application to the County Judge as an independent or non partisan candidate for county office is considered nominated under Article 3162, V.A.C.S. of Texas. Furthermore, Article 2978, V. A.C.S. of Texas quoted hereafter, considers both party nominees and non-partisan or independent candidates as nominated candidates. Therefore, you are advised that under the factual situation you have presented to us the name of the deceased independent candidate should be printed on the official ballot for the general election, as required by Article 3019, supra. We can reach no other conclusion in view of the clear mandate of Article 3019.

Your second question is: "And can another name or other names be printed on this ballot as candidates for the office, since the last day of filing (August 24th) has passed?"

Article 2978, V.A.C.S. of Texas, clearly determines the names of candidates to be printed upon the official ballot for the general election. From this statute, we quote in part:

"At the top of the official ballot shall be printed in large letters the words 'Official Ballot.' It shall contain the printed names of all candidates whose nominations for an elective office have been duly made and properly certified. The names shall then appear on the ballot under the head of the party that nominates them, except as otherwise provided by this title. No name shall appear on the official ballot except that of a candidate who was actually nominated (either as a party nominee or as a non-partisan or independent candidate) in accordance with the provisions of this title."

Inasmuch as your letter informs us that there are no other nominees for the office of county commissioner of Precinct No. 2 except the incumbent commissioner who qualified as an independent or non-partisan candidate, and who has since died, and that the time for filing a petition to qualify as an independent or non-partisan candidate has expired without other independent or non-partisan candidates so filing and qualifying, it is clear that under the provisions of Article 2978, supra, no name other than the name of the deceased independent candidate can legally be printed upon the official ballot for the general election as candidate for the office of county commissioner of Precinct No. 2.

It is well to point out that the voters may mark through the printed name of the deceased independent candidate, and "write-in" in the proper space another name as their choice for county commissioner of Precinct No. 2. Should, however, the deceased independent candidate receive a plurality of the votes cast for the office, counting valid "write-in" votes, the office of county commissioner of Precinct No. 2 would be vacant, by virtue

of Article 3091, supra. However, if the person receiving the plurality of votes cast for the office is not the deceased independent candidate, but is a write-in candidate, that person, if otherwise qualified, will be elected county commissioner of precinct No. 2 as provided by Articles 2980, 2981, and 3032, V.A.C.S. of Texas.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Stewart W. DeVore

Stewart W. DeVore
Assistant

APPROVED SEP 23, 1946
/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

ASDeV:djm:egw

APPROVED
Opinion Committee
By B W B
Chairman